UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLINE SANDERS, an individual,

       NO. CIV. S-12-3089 LKK/KJN

      Plaintiff,

   v.

ECOMMERCE INDUSTRIES, INC., and DOES 1 through 10, inclusive,

      Defendants.

_____/

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on March 11, 2013.  Michelle B. Baker appeared telephonically as counsel for plaintiff; Michael D.

1

1 Lane appeared as counsel for defendant Ecommerce Industries, Inc.
2 After hearing, the court makes the following findings and orders:
3     **SERVICE OF PROCESS**
4     All parties defendant have been served and no further service
5 is permitted except with leave of court, good cause having been
6 shown.
7     **JOINDER OF PARTIES/AMENDMENTS**
8     No further joinder of parties or amendments to pleadings is
9 permitted except with leave of court, good cause having been shown.
10 See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
11 1992).
12    **JURISDICTION/VENUE**
13    Jurisdiction is predicated upon 28 U.S.C. § 1332, is
14 undisputed, and is hereby found to be proper, as is venue.
15    **FICTITIOUSLY-NAMED DEFENDANTS**
16    This action, including any counterclaims, cross-claims, and
17 third-party complaints is hereby DISMISSED as to all DOE or other
18 fictitiously-named defendants.
19    **MOTION HEARING SCHEDULES**
20    All law and motion except as to discovery is left open, save
21 and except that it shall be conducted so as to be completed by
22 March 16, 2014.  The word "completed" in this context means that
23 all law and motion matters must be **heard** by the above date.
24 Because this date is not necessarily a date previously set aside
25 for law and motion hearings, it is incumbent upon counsel to
26 contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,

sufficiently in advance so as to ascertain the dates upon which law and motion will be heard and to properly notice its motion for hearing before that date.  Counsel are cautioned to refer to Local Rule 230 regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.**  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to lkk-pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

1    **Unless prior permission has been granted, memoranda of law in**
2    **support of and in opposition to motions are limited to thirty (30)**
3    **pages, and reply memoranda are limited to fifteen (15) pages.  The**
4    **parties are also cautioned against filing multiple briefs to**
5    **circumvent this rule.**

6        Where the parties bring motions for summary judgment, the
7    court will deem facts which are apparently undisputed as undisputed
8    under Fed. R. Civ. P. 56(e), unless specifically reserved and that
9    party tenders evidence to support the reservation.

10       ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
11   MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
12   VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED
13   THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
14   BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
15   MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
16   SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
17   TIMELY FILE AN APPROPRIATE MOTION.

18       Counsel are further reminded that motions in limine are
19   procedural devices designed to address the admissibility of
20   evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
21   DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
22   IN LIMINE  AT THE TIME OF TRIAL.

23       **DISCOVERY**

24       No modifications of the discovery requirements found in the
25   Federal Rules is ordered.

26       All discovery is left open, save and except that it shall be

1 so conducted as to be <u>completed</u> by January 15, 2014.  The word

2 "completed" means that all discovery shall have been conducted so

3 that all depositions have been taken and any disputes relative to

4 discovery shall have been resolved by appropriate order if

5 necessary and, where discovery has been ordered, the order has been

6 complied with.  Motions to compel discovery must be noticed on the

7 magistrate judge's calendar in accordance with the local rules of

8 this court and so that such motions will be heard not later than

9 December 16, 2013.  In this regard, all counsel are to designate in

10 writing and file with the court and serve upon all other parties a

11 final list of the names of all experts that they propose to tender

12 at trial not later than forty-five (45) days before the close of

13 discovery herein established.  All designated experts shall submit

14 written reports which counsel shall exchange at the time of

15 designation.  The contents of the report must comply with Fed. R.

16 Civ. P.  26 (a)(2)(B).  All experts so designated are to be fully

17 prepared to render an informed opinion at the time of <u>designation</u>

18 so that they may fully participate in any deposition taken by the

19 opposing party.  Experts will not be permitted to testify at the

20 trial as to any information gathered or evaluated, or opinion

21 formed, after deposition taken subsequent to designation.

22     An expert witness not appearing on said lists will not be

23 permitted to testify unless the party offering the witness

24 demonstrates: (a) that the necessity of the witness could not have

25 been reasonably anticipated at the time the lists were exchanged;

26 (b) the court and opposing counsel were promptly notified upon

1  discovery of the witness; and (c) that the witness was promptly
2  proffered for deposition.

3       **MID-LITIGATION STATEMENTS**

4       Not later than fourteen (14) days prior to the close of
5  discovery, all parties shall file with the court and serve on all
6  other parties a brief statement summarizing all law and motion
7  practice heard by the court as of the date of the filing of the
8  statement, whether the court has disposed of the motion at the time
9  the statement is filed and served, and the likelihood that any
10 further motions will be noticed prior to the close of law and
11 motion.  The filing of this statement shall not relieve the parties
12 or counsel of their obligation to timely notice all appropriate
13 motions as set forth above.

14      **FINAL PRETRIAL CONFERENCE**

15      The Final Pretrial Conference is **SET** for June 16, 2014, at
16 1:30 p.m.  Counsel are cautioned that counsel appearing for
17 Pretrial will in fact try the matter.

18      Counsel for all parties are to be fully prepared for trial at
19 the time of the Pretrial Conference, with no matters remaining to
20 be accomplished except production of witnesses for oral testimony.
21 Counsel are referred to Local Rules 280 and 281 relating to the
22 contents of and time for filing Pretrial Statements.  In addition
23 to those subjects listed in Local Rule 281(b), the parties are to
24 provide the court with a plain, concise statement which identifies
25 every non-discovery motion tendered to the court, and its
26 resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

1 BE GROUNDS FOR SANCTIONS.

2      The parties shall file Separate Pretrial Statements, the
3 contents and timing of which are set forth in Local Rule 281,
4 except that the parties are to prepare a <u>JOINT STATEMENT</u> with
5 respect to the undisputed facts and disputed factual issues of the
6 case.  <u>See</u> Local Rule 281(b)(3), (4), and (6).  The parties are
7 reminded to include in their joint statement all disputed and
8 undisputed special factual information as required by Local Rule
9 281(b)(6).  The joint statement shall be filed not less than seven
10 (7) days before the date set by the court for the holding of the
11 Final Pretrial Conference.

12      The undisputed facts and disputed factual issues are to be set
13 forth in two separate sections.  In each section, the parties
14 should identify first the general facts relevant to all causes of
15 action.  After identifying the general facts, the parties should
16 then identify those facts which are relevant to each separate cause
17 of action.  In this regard, the parties are to number each
18 individual fact or factual issue.  Where the parties are unable to
19 agree as to what factual issues are properly before the court for
20 trial, they should nevertheless list in the section on "DISPUTED
21 FACTUAL ISSUES" all issues asserted by any of the parties and
22 explain by parenthetical the controversy concerning each issue.
23 Each individual disputed fact or factual issue shall include the
24 following introductory language:  "Whether or not . . . ."  The
25 parties should keep in mind that, in general, each fact should
26 relate or correspond to an element of the relevant cause of action.

1  Notwithstanding the provisions of Local Rule 281, the Joint
2  Statement of Undisputed Facts and Disputed Factual Issues is to be
3  filed with the court concurrently with the filing of plaintiff's
4  Pretrial Statement.  If the case is tried to a jury, the undisputed
5  facts will be read to the jury.

6       Pursuant to Local Rule 281(b)(10) and (11), the parties are
7  required to provide in their Pretrial Statements a list of
8  witnesses and exhibits that they propose to proffer at trial, no
9  matter for what purpose. These lists shall <u>not</u> be contained in the
10 Pretrial Statement itself, but shall be attached as separate
11 documents to be used as addenda to the Final Pretrial Order.
12 Plaintiff's exhibits shall be listed **numerically**; defendant's
13 exhibits shall be listed **alphabetically**.  In the event that the
14 alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
15 3A-3Z, etc." The Pretrial Order will contain a stringent standard
16 for the proffering of witnesses and exhibits at trial not listed in
17 the Pretrial Order.  Counsel are cautioned that the standard will
18 be strictly applied.  On the other hand, the listing of exhibits or
19 witnesses which counsel do not intend to call or use will be viewed
20 as an abuse of the court's processes.

21      Pursuant to Local Rule 281(b)(12), a party is required to
22 provide a list of all answers to interrogatories and responses to
23 requests for admission that the party expects to offer at trial.
24 This list should include only those documents or portions thereof
25 which the party expects to offer in its case-in-chief.  Unless
26 otherwise barred by a rule of evidence or order of this court, the

8

1 parties remain free to tender appropriate discovery documents
2 during trial for such purposes as, but not limited to, impeachment
3 or memory refreshment.

4 Pursuant to Local Rule 281(b)(8), the parties' Pretrial
5 Statements shall contain a "statement of legal theory, etc." Each
6 party shall commence this section by specifying as to each claim
7 whether federal or state law governs, and if state law, the state
8 whose law is applicable.

9 Counsel are also reminded that, pursuant to Fed. R. Civ. P.
10 16, it will be their duty at the Pretrial Conference to aid the
11 court in (a) formulation and simplification of issues and the
12 elimination of frivolous claims or defenses; (b) settling of facts
13 which should be properly admitted; and (c) the avoidance of
14 unnecessary proof and cumulative evidence. Counsel must prepare
15 their Pretrial Statements, and participate in good faith at the
16 Pretrial Conference, with these aims in mind. A FAILURE TO DO SO
17 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
18 monetary sanctions, orders precluding proof, eliminations of claims
19 or defenses, or such other sanctions as the court deems
20 appropriate.

21 **TRIAL SETTING**

22 Trial is **SET** for September 16, 2014, at 10:30 a.m. Trial will
23 be by jury. The parties represent in good faith that the trial
24 will take approximately five (5) days.

25 **SETTLEMENT CONFERENCE**

26 A Settlement Conference will be set before a judge other than

the trial judge at the time of the Pretrial Conference.

Counsel are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

**MISCELLANEOUS PROVISIONS**

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

The parties are reminded of their continuing obligation to supplement their statements relative to the identification of parent corporations and any publicly held company that owns 10% or more of the party's stock within a reasonable time of any change in the information.

The parties are admonished that they are not to cite or refer to any of the quotations inscribed in the pavers on the front plaza of the United States Courthouse in any written or oral presentation

10

1  to the court or a jury.

2      There appear to be no other matters presently pending before

3  the court that will aid the just and expeditious disposition of

4  this matter.

5      IT IS SO ORDERED.

6      DATED:  March 12, 2013.

7

8

9

10                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
11                          UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26